**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NOAH PRIEST,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CASE NO. 3:25-CV-3087-S-BK** |
| | § | |
| **WERNER ENTERPRISES INC., ET AL.,** | § | |
| **DEFENDANTS.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the undersigned United States magistrate judge for pretrial management. Doc. 1. Before the Court are Defendant Werner Enterprises, Inc.'s *Motion to Dismiss Plaintiff's Verified Civil Complaint Under 42 U.S.C. 1983*, Doc. 8, Defendants McDavid Honda of Irving and Asbury Automotive's *12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint*, Doc. 10, and *Plaintiff's Motion for Leave to Amend Complaint,* Doc. 19. For the reasons that follow, Defendants' motions to dismiss should be **GRANTED**, and Plaintiff's motion for leave should be **DENIED.**

## I. BACKGROUND

In November 2025, Plaintiff Noah Priest, proceeding *pro se*, filed this action against Werner Enterprises Inc. ("Werner"), McDavid Irving-Hon LLC d/b/a/ David McDavid Honda of Irving ("McDavid"), Asbury Automotive Group, Inc. ("Asbury")[1], John Doe Agencies 1-5,

[1] Although the Complaint incorrectly names McDavid as "David McDavid Honda of Irving" and Asbury as "Asbury Automotive Group, (ABG)," the Court construes the Complaint as naming the proper defendants, both of which have appeared in this action. *See* Doc. 10; Doc. 15.

which Plaintiff describes as "state and/or federal government agencies," and John Does 1-20, whom Plaintiff describes as individual "law enforcement officers and civilian participants" (collectively, the "Doe Defendants"). Doc. 3 at 4-5.

Plaintiff alleges that Werner, McDavid, and Asbury (collectively, the "Named Defendants"), together with unidentified state actors, have "participat[ed] in a conspiracy to subject Plaintiff to continuous, suspicionless surveillance and intimidation since at least 2006." Doc. 7 at 1. According to Plaintiff, the "ongoing campaign of stalking and harassment" began as early as 2006 and escalated into a continuous, "24-hour surveillance operation" in 2012. Doc. 7 at 1, 12. Plaintiff alleges that, since 2012, individuals acting on behalf of Defendants have followed him in vehicles "[o]n a near-daily basis." Doc. 7 at 10.

Plaintiff maintains that McDavid, an automobile dealership in Irving, Texas, knowingly supplies vehicles to City of Irving Police officers "for the purpose of covertly surveilling Plaintiff." Doc. 7 at 4, 7. Plaintiff further alleges that Asbury, McDavid's parent company, "knew or should have known of" McDavid's alleged actions. Doc. 7 at 4.

As to Werner, Plaintiff alleges that, "upon information and belief," Werner is a transportation and logistics company that provides state and/or federal law enforcement personnel with "dedicated office space" within its large, gated compound in Dallas, Texas. Doc. 7 at 5. Plaintiff contends that the compound serves as "a base of operations" for the state actors to organize and conduct surveillance against Plaintiff. Doc. 7 at 6. Plaintiff further alleges that Werner allows its employees or drivers to be recruited to participate in off-property surveillance activities, and that these agents are active and frequent participants in the alleged surveillance. Doc. 7 at 6. Plaintiff alleges that an unknown agency, which he identifies only by a permanent MAC address, is the second major participant in the alleged stalking campaign. Doc. 7 at 9

Based on these allegations, Plaintiff asserts six causes of action against all Defendants, including claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments, civil conspiracy under § 1983 and Texas state law, stalking under Texas Penal Code § 42.072, and intentional infliction of emotional distress. Doc. 7 at 12-17.

The Named Defendants now move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), arguing, *inter alia*, that Plaintiff fails to plausibly allege that they acted under color of state law, as required under § 1983. Doc. 11 at 11-13; Doc. 8 at 6-8. They further contend that Plaintiff's state law claims fail to state a claim upon which relief may be granted. Doc. 11 at 10-11; Doc. 8 at 4, 8-9. Plaintiff filed responses, Doc. 9; Doc. 13, and separately moves for leave to file a second amended complaint. Doc. 19.

## II. APPLICABLE LAW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unlike a "probability requirement," the plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the non-moving party. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the

court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted). Further, in ruling on a Rule 12(b)(6) motion, the Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (cleaned up).

## III. Analysis

### A. Plaintiff's § 1983 Claims

#### i. Plaintiff's Claims Against the Named Defendants Fail Because He Has Not Plausibly Alleged State Action.

Defendants Werner, McDavid, and Asbury first move to dismiss the § 1983 claims asserted against them, arguing that Plaintiff has not plausibly alleged a sufficient connection between their conduct and the State to support liability. Doc. 8 at 6-8; Doc. 11 at 11-13.

To state a cause of action under § 1983, a plaintiff must allege that he was deprived of a federal right by a person acting under color of law. 42 U.S.C. § 1983. Like the Fourteenth Amendment's state-action requirement, § 1983's under color of law element "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (cleaned up). Thus, for a private citizen to be held liable under § 1983, a plaintiff must demonstrate that the private actor "conspired with or acted in concert with state actors," such that their conduct is "fairly attributable to the state." *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989) (per curiam); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999) (citation omitted). To satisfy this burden, a plaintiff "must allege (1) an agreement between the private and public defendants to commit an illegal act and (2) a

deprivation of constitutional rights. Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes Cnty*, 354 F.3d 414, 420 (5th Cir. 2004).

Here, Plaintiff alleges that private entities Werner, McDavid, and Asbury entered into an agreement with "the John Doe Agencies[] and John Does 1-20" to deprive Plaintiff of his rights "through a campaign of unlawful surveillance and harassment." Doc. 7 at 16. He further alleges that these Defendants "have acted in concert" with the unidentified state actors by providing them with office space, vehicles, and employees used to carry out a "constant, 24-hour surveillance operation" against Plaintiff. Doc. 7 at 5-10.

Plaintiff, however, pleads no specific facts from which the existence of such an agreement can plausibly be inferred. He does not identify any of the state or federal agencies alleged to be involved in the operation other than by alleging, on "information and belief," that drivers from some of the surveillance vehicles "are from the City of Irving Police Department." Doc. 7 at 7. Moreover, while he identifies one purported agency by reference to a permanent MAC address, he never explains how that address is associated with any particular agency or with any of the private-actor Defendants. Doc. 7 at 9. Thus, the only allegations linking these Defendants to the alleged conspiracy are conclusory assertions that they supplied vehicles, office space, and other devices to unidentified law enforcement agencies and that GPS data purportedly places those devices in "close proximity" to Plaintiff on several occasions. Doc. 7 at 6-8.

But even accepting these allegations as true, the fact that the private Defendants provided materials to law-enforcement agencies involved in violating Plaintiff's privacy rights does not, without more, suggest that they agreed to participate in those violations. *See, e.g., Manax v. McNamara*, 842 F.2d 808, 813 ("Providing information to the state and pressing for state action against an individual, without more, cannot suffice to make a private entity liable under section

1983 as a state actor."); *Glotfelty v. Hart*, No. 11-2849, 2012 WL 1204736, at *7 (E.D. La. Apr. 11, 2012) (Barbier, J.) ("[A]llegations that certain of the private defendants have some connection to the State is insufficient to deem them state actors."), *aff'd*, 512 F.App'x 409 (5th Cir. 2013).

Because the Complaint alleges no specific, non-conclusory facts showing that any of the private Defendants willingly participated in joint activity with the State or its agents, Plaintiff fails to state a § 1983 claim against them. *See Miller v. Graham*, 447 F.App'x 549, 551 (5th Cir. 2011) (affirming district court's dismissal of § 1983 claims against private defendants where the plaintiff "presented no specific facts showing an agreement between the private defendants and any state actor in th[e] case."). Accordingly, Plaintiff's § 1983 claims against McDavid, Werner, and Asbury should be dismissed.

ii. Plaintiff Fails to State a § 1983 Claim Against the Doe Defendants.

To the extent Plaintiff asserts § 1983 claims against unidentified law enforcement agencies and officers, such claims likewise fail. "[T]he mere naming of a person through use of a fictitious name does not make that person a party absent voluntary appearance or proper service of process." *Nagle v. Lee,* 807 F.2d 435, 440 (5th Cir.1987). Here, Plaintiff has neither served any of the John Doe defendants, nor have they otherwise appeared in the more than nine months since this action was initiated. Moreover, while Plaintiff has sought leave to amend his complaint to correct misnomers concerning McDavid and Asbury, his proposed amended pleading neither identifies any of the Doe officers or agencies nor alleges additional facts that would permit their identification. *See* Doc. 19, *passim.*

To be sure, Plaintiff previously sought expedited discovery pursuant to Federal Rule of Civil Procedure 26(d)(1), which he contends was targeted at identifying John Doe defendants. Doc. 16 at 2. In certain circumstances, a plaintiff who brings a civil rights action against

unidentified defendants should be afforded the opportunity to ascertain their identities through discovery. *Thomas v. State*, 294 F.Supp.3d 576, 619 (N.D. Tex. Feb. 13, 2018) (Ramirez, J.), *rep. & rec. adopted sub nom. Thomas v. Texas*, No. 3:17-cv-348, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018) (citing *Murphy v. Kellar,* 950 F.2d 290, 293 (5th Cir. 1992)). For such discovery to be warranted, however, "the plaintiff must provide sufficient information to render it conceivable that discovery would prove successful to identify the defendants." *Dougherty v. U.S. Dep't of Homeland Sec.*, No. 1:21-cv-154, 2022 WL 3104870, at *6 (S.D. Tex. Aug. 4, 2022) (Rodriguez, J.) (citing *Thomas*, 294 F.Supp.3d at 619).

Here, Plaintiff has not made such a showing in either his pleadings or his motion for early discovery. *See* Doc. 16, *passim*; Doc. 3, *passim*; Doc. 7, *passim*; Doc. 19, *passim.* As in his pleadings, Plaintiff's discovery motion identified no conduct by any unknown defendants that would provide a basis for identifying them or would support any claim against them. Doc. 16 at 1-2. Instead, in seeking broad discovery from third-party phone carriers and wireless network companies, Plaintiff asserted only the requested records "*may* identify a few John Doe defendants[.]" Doc. 16 at 1 (emphasis added). Plaintiff thus asks the Court to authorize an expansive search of third-party data based on nothing more than the possibility that it might uncover evidence leading to the identities of the unknown defendants. The Court will not permit such an unjustified fishing expedition.

Accordingly, because Plaintiff has yet to allege specific facts identifying or describing any of the unknown agencies or individuals, he fails to state a § 1983 claim against them. *See, e.g., Richardson v. Avery,* No. 3:16-cv-2631, 2018 WL 5269860, at *7 (N.D. Tex. Oct. 1, 2018) (Ramirez, J.), *rep. & rec. adopted sub nom. Richardson v. Avery #994,* 2018 WL 5267577 (N.D. Tex. Oct. 23, 2018) (dismissing claims against unknown defendants for failure to state a claim

where the plaintiff failed to provide identifying information or allege actions that would permit their identification). The claims against the John Doe defendants should therefore be dismissed *sua sponte* for failure to state a claim.[2]

**B. State Law Claims**

The Named Defendants next move to dismiss Plaintiff's state law claims for conspiracy, stalking, and intentional infliction of emotional distress for failure to state a claim. Doc. 8 at 4-6, 8-9; Doc. 11 at 10-11, 14. Because Plaintiff's federal claims should be dismissed, however, the Court need not reach the sufficiency of these claims.

As a general rule, when a federal court dismisses all claims over which it has original jurisdiction, it should decline to exercise supplemental jurisdiction over any remaining state law claims. *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004) (citing 28 U.S.C. § 1367(c)(3)). Here, for the reasons explained *supra*, Plaintiff's § 1983 claims should be dismissed for failure to state a claim. Nor does the record establish an independent basis for diversity jurisdiction. Although the parties' citizenship is not clearly established,[3] Plaintiff's own filings suggest that he shares Texas citizenship with at least one named defendant. *See* Doc.

[2] "A court may *sua sponte* dismiss on its own Rule 12(b)(6) motion for failure to state a claim as long as the plaintiff has notice and an opportunity to respond." *Thomas*, 294 F.Supp.3d at 619 (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)). Here, the 14-day objection period attendant to this recommendation affords Plaintiff adequate notice and an opportunity to respond. *Id.* Accordingly, *sua sponte* dismissal is appropriate.

[3] Notably, none of the parties filed a proper Certificate of Interested Persons and citizenship disclosure statement as required by both the federal and local rules. *See* N.D. Tex. Local Civ. R. 3.1(c), 7.4 (requiring each party to submit a certificate of interested persons "that contains—in addition to the information required by Fed. R. Civ. P. 7.1(a)—a complete list of all persons, associations of persons, firms, partnerships, [or] corporations . . . that are financially interested in the outcome of the case."); FED. R. CIV. P. 7.1(a)(2) (requiring each party's disclosure statement to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party[.]").

7 at 4, 18 (identifying Defendant McDavid as "a Texas entity operative an automobile dealership at 3700 Airport Expressway, Irving, Texas" and providing an Irving, Texas address for Plaintiff).

Accordingly, because the pleadings do not present a sufficient basis for federal question or diversity jurisdiction, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. 28 U.S.C. § 1367(c)(3).

## IV. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be afforded an opportunity to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id; see also Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008) (emphasizing that the opportunity to amend "is not a strict predicate to dismissing pro se complaints.").

Although Plaintiff seeks leave to file a second amended complaint, his motion makes clear that the proposed amendment is limited to correcting the misnomers of certain defendants. *See* Doc. 19 at 1 (stating that the proposed Second Amended Complaint "*only* corrects" the misnomers noted in McDavid and Asbury's Motion to Dismiss) (emphasis added). Because the proposed amendment does not address the deficiencies identified above, granting leave to amend would be futile. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n,* 751 F.3d 368, 378 (5th Cir. May 6, 2014) ("An amendment is futile if it would fail to survive a Rule 12(b)(6) motion.").

Moreover, despite having previously amended his complaint in response to the same deficiencies identified above, his Section 1983 claims remain fatally infirm. Under these circumstances, the Court can only assume that Plaintiff has already pleaded his best case. *Dark*, 293 F. App'x at 257 (A plaintiff asserts his best case after he is "apprised of the insufficiency" of

his complaint and takes no further action to cure the identified decencies). Because further amendment would serve only to cause needless delay, his claims should be dismissed without further opportunity to amend.

## V. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss, Doc. 8; Doc. 10, should be **GRANTED**, and Plaintiff's *Motion for Leave to Amend,* Doc. 19, should be **DENIED**. Plaintiff's Section 1983 claims against the moving defendants, John Doe Agencies 1-5, and John Does 1-20 should be **DISMISSED WITH PREJUDICE** for failure to state a claim.[4] Plaintiff's remaining state law claims should be **DISMISSED WITHOUT PREJUDICE**. And as no claims remain pending, the Clerk of the Court should be directed to close this case.

**SO RECOMMENDED** on September 3, 2026

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

[4] *See, e.g., Thomas*, 294 F.Supp.3d at 620 (dismissing with prejudice Section 1983 claims against both identified and unidentified defendants where the complaint contained no facts showing that the named defendants conspired or acted in concert with state actors, and plaintiff provided no basis for identifying the unnamed defendants); *Thomas v. Gilley*, No. 3:22-6174, 2023 WL 6531516, at *15 (W.D. La. Sept. 20, 2023) (McClusky, J.), *rep & rec adopted,* 2023 WL 6529957 (W.D. La. Oct. 5, 2023) (*sua sponte* dismissing with prejudice Section 1983 claims against Doe defendants).

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who object to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United States Servs. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).